J-S27009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH CEDENO, | |
| Appellant | No. 1458 MDA 2015 |

Appeal from the Judgment of Sentence May 15, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001061-2014

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                     **FILED APRIL 21, 2016**

Appellant, Joseph Cedeno, appeals from the judgment of sentence entered on May 15, 2015, in the Lackawanna County Court of Common Pleas.  We affirm.

The trial court set forth the relevant factual background of this case as follows:

> Just before 10:30 a.m. on April 1, 2014, Lackawanna County Prison inmate Jacob Huff was laying on the top bed rack inside his cell, S-14. (Notes of Testimony ("N.T."), 12-13:24-1, 2/18/15). As Huff prepared to go back to sleep, fellow inmate [Appellant] entered the cell and began arguing with Huff's cellmate about money. (*Id*. at 12- 13:24-1; 14:4; 15:24 -25).[1] [Appellant], known to Huff as a "murderer," also told Huff to "get out." (*Id*. at 14:12 -14; 13:2). When Huff did not, [Appellant] punched him in the stomach, told him again to "get out," and

---

[*] Former Justice specially assigned to the Superior Court.

then began punching Huff successively. (*Id*. at 13:3-6). Huff, still on the top bed rack, put his foot out to try to stop [Appellant] and create distance between the two, but [Appellant] grabbed Huff's foot and pulled him from the top bed rack onto the floor. (*Id*. at 13:7 -9).

> [1] Huff's testimony regarding [Appellant] entering cell S-14 was corroborated by Intelligence Captain Lackawanna County Prison Robert Maguire, who testified that video footage from the day of the assault shows [Appellant] walking out of his own cell, S-11, and into Huff's cell, S-14. N.T., 79:5-16, 02/17/15.

When Huff got to his feet, he told [Appellant] that he "didn't want to fight." (*Id*. at 13:10-11). Nevertheless, [Appellant] put Huff in a headlock. (*Id*. at 13:10-11). In response, Huff "put [his] hands up" and continued to tell [Appellant] that he "didn't want to fight." (*Id*. at 13:11-14). [Appellant], though, just "squeezed harder and harder." (*Id*.) Defending himself, Huff "undid" [Appellant's] hands to undo his grip. (*Id*. at 17:16). When Huff stood up, however, [Appellant] hit him in the face. (*Id*. at 13:14-17; 17:16-19). A fist fight then ensued. (*Id*.)

The two inmates continued fighting until [Appellant] fell into a desk inside the cell. (*Id*. at 17:20-21). Huff then walked toward the cell door because, as he said at trial, he still "didn't want to fight." (*Id*. at 17:20-23). When [Appellant] stood up, he grabbed something from his waistband and told Huff that "he was playing before" and "that he was gonna air Huff out." (*Id*. at 23:23-24; 24:19-22). [Appellant] then walked over to Huff, object in hand, and "stabbed him twice in the back" and once in "the back of his neck." (*Id*. at 24:23-25; 29:14-15). He then hit Huff a few times in the face. (*Id*. at 25:1). Defending himself again, Huff grabbed [Appellant] and put him in a headlock. (*Id*. at 25:1-3). With his head near Huff's midsection, [Appellant] bit Huff on the side of his body. (*Id*. at 25:3-4). By that point, the prison had called for a "lock in," so Huff, his cellmate, and another inmate pushed [Appellant] out of cell S-14. (*Id*. at 25:5 -8).

At approximately 10:30 a.m., Correctional Officer Robert Mazzino noticed that S-14's call button had been pushed from

- 2 -

inside the cell. (N.T., 38:24-25, 02/17/15). When he arrived to S-14, Huff, now alone with his cellmate, told Officer Mazzino that [Appellant] had "shanked" him. (*Id*. at 39:2-3, 9). While doing so, Huff pointed out a pen that was broken in half and laying on the floor. (*Id*. at 45:20 -23). Officer Mazzino noticed that half of the pen was normal while the other half was wrapped in white linen. (*Id*. at 46:1-3). He further noticed that Huff had sustained visible injuries, including three puncture wounds on his upper to mid back and a bite mark on his side. (*Id*. at 45:9-11). While still in the cell, Officer Mazzino handed the broken, linen-wrapped pen to Lackawanna County Prison Intelligence Captain Robert Maguire, who was also called to S-14 shortly after the fight and had just arrived. (*Id*. at 81:22; 24-25). At trial, Captain Maguire testified that the pen was actually wrapped with both linen and cardboard. (*Id*. at 82:5-6).

Shortly thereafter, Officer Mazzino and several other officers found [Appellant] in his own cell, S-11, and placed him in handcuffs. (*Id*. at 54:18-19). Registered nurse and prison health care unit administrator Kenneth McCawley was called to Huff's cell, where he treated Huff for three puncture wounds—two in the midthoracic and upper posterior ribcage and one in the left posterior neck—and a bite on the left lateral ribcage. (N.T., 60:8-9; 15-16, 02/18/15). Huff was further treated with first aid, wound cleaning, a tetanus toxoid, an antibiotic for seven days, pain management Motrin twice a day, and daily treatment until he was healed. *Id*. at 55:20-25.

Memorandum and Order, 8/21/15, at 1-3.

Appellant was charged with multiple crimes in connection the aforementioned attack. On February 18, 2015, a jury found Appellant guilty of aggravated assault (attempt to cause serious bodily injury), aggravated assault with a deadly weapon, assault by prisoner, terroristic threats, simple assault (attempt to cause bodily injury), and recklessly endangering another person ("REAP"). Additionally, the trial court convicted Appellant of the summary offense of harassment. On May 15, 2015, the trial court

sentenced Appellant as follows: 108 to 240 months for aggravated assault (attempt to cause serious bodily injury); forty-five months to eight years for aggravated assault with a deadly weapon; forty-two months to eight years for assault by prisoner; and twenty-two months to four years for terroristic threats. The sentences were ordered to be served consecutively.[1] This resulted in an aggregate minimum sentence of eighteen years and one month to a maximum term of forty years of incarceration.

Appellant filed a timely post-sentence on May 26, 2015,[2] and the trial court denied Appellant's motion in an order filed on August 21, 2015. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents six issues for this Court's consideration:

A. Whether there was sufficient evidence to support the verdicts of aggravated assault with a deadly weapon, aggravated assault with attempted serious bodily injury, and assault by a prisoner?

B. Whether the verdicts of aggravated assault with a deadly weapon, aggravated assault with attempted serious bodily injury and assault by a prisoner were against the weight of the evidence?

---

[1] The convictions for simple assault and REAP merged with aggravated assault (attempt to cause serious bodily injury) for sentencing purposes, and the trial court imposed no further penalty for harassment.

[2] The timeliness of Appellant's post-sentence motion will be discussed in greater detail below.

- 4 -

C. Whether the trial court erred in granting the Commonwealth's Motion *in Limine* to introduce evidence that the Appellant was incarcerated for a homicide conviction?

D. Whether the trial court erred when it failed to merge the sentences on the aggravated assault-attempt to cause bodily injury with assault by a prisoner?

E. Whether the trial court erred when it failed to impose concurrent sentences on the aggravated assault, the assault by a prisoner, and terroristic threats charges?

F. Whether the trial court imposed harsh, unreasonable and excessive sentences due to, *inter alia*, the fact that the injuries were minor?

Appellant's Brief at 4.

In his first issue, Appellant claims that the evidence was insufficient to prove his guilt beyond a reasonable doubt on the aggravated assault (attempt to cause serious bodily injury), aggravated assault with a deadly weapon, and assault by prisoner charges. However, we are constrained to point out that Appellant failed to state which element or elements of these crimes were not proven by sufficient evidence.

This Court has addressed this issue as follows:

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, ... the sufficiency issue is waived on appeal.

**Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008), quoting **Commonwealth v. Flores**, 921 A.2d 517, 522-523 (Pa. Super. 2007).

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015).

Here, Appellant merely asserted that the evidence was insufficient to support his convictions for aggravated assault (attempt to cause serious bodily injury), aggravated assault with a deadly weapon, and assault by prisoner. Pa.R.A.P. 1925(b) Statement, 9/14/14, at 1. We conclude that Appellant's boilerplate statement failed to specify which element or elements were not established with sufficient evidence. *Tyack*, 128 A.3d 254, 260. Accordingly, we deem this claim waived. *Id*.

However, had Appellant properly presented this issue, we would conclude that he is entitled to no relief. The standard for evaluating sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

As noted, Appellant argues that the evidence was insufficient to establish aggravated assault (attempt to cause serious bodily injury), aggravated assault with a deadly weapon, and assault by prisoner. Those crimes are defined in the Crimes Code as follows:

**Aggravated assault**

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> * * *
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2702(a)(1) and (4).

**Assault by prisoner**

**(a) Offense defined.--**A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, **commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.** A person is guilty of this offense if he intentionally or knowingly causes another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such

- 7 -

fluid or material when, at the time of the offense, the person knew, had reason to know, should have known or believed such fluid or material to have been obtained from an individual, including the person charged under this section, infected by a communicable disease, including, but not limited to, human immunodeficiency virus (HIV) or hepatitis B.

18 Pa.C.S. § 2703(a) (emphasis added).

In the case at bar, the trial court comprehensively addressed the elements of each of these crimes and Appellant's challenges to the sufficiency of the evidence underlying each conviction. If Appellant had properly preserved these issues on appeal, we would conclude that the evidence was sufficient to sustain his convictions, and we would do so on the basis of the trial court's thorough discussion. Memorandum and Order, 8/21/15, at 6-15.

Next, Appellant avers that the guilty verdicts on the charges of aggravated assault (attempt to cause serious bodily injury), aggravated assault with a deadly weapon, and assault by prisoner were against the weight of the evidence. Before we may reach the merits this challenge, we must determine whether Appellant properly preserved this claims on appeal. *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009). "[T]he date of imposition of the sentence is the date the sentencing court pronounces the sentence." *Commonwealth v. Green*, 862 A.2d 613, 621 (Pa. Super. 2004). "This Court has held that the date of imposition of sentence in open court, and not the date on which the sentence is docketed, is the reference point for computing the time for filing post-sentence

- 8 -

motions." ***Commonwealth v. Nahavandian***, 954 A.2d 625, 630 (Pa. Super. 2008).

Pennsylvania Rule of Criminal Procedure 607 provides as follows:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Here, Appellant challenged the weight of the evidence in a post-sentence motion filed on May 26, 2015. As noted above, Appellant's judgment of sentence was entered on May 15, 2015, and therefore, in order to be timely filed, Appellant's post-sentence motion needed to be filed by May 25, 2015. Pa.R.Crim.P. 720(A)(1). Due to the Memorial Day holiday, however, the Lackawanna Court of Common Pleas was closed on Monday, May 25, 2015. For computations of time, whenever the last day of any such period falls on a Saturday, Sunday, or a legal holiday, that day is omitted from the computation. 1 Pa.C.S. § 1908; ***Green***, 862 A.2d at 618. The next day the trial court was open was Tuesday, May 26, 2015. Accordingly,

Appellant's post-sentence motion was timely filed and his challenge to the weight of the evidence was preserved.[3]

With respect to a weight claim, we apply the following standards:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000) (citations, footnote, and internal quotation marks omitted). "An appellate court cannot

_____

[3] We are constrained to note that Appellant's post-sentence motion was never entered on the docket. However, the post-sentence motion is included in the certified record and bears a Clerk of Judicial Records Criminal Division date stamp of May 26, 2015. Moreover, the Commonwealth filed a response to the motion, and the trial court addressed the issues raised in the post-sentence motion in its August 21, 2015 Memorandum and Order. Thus, we are satisfied that the motion was timely filed, and we conclude that its absence from the docket entries was an oversight. *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa. Super. 2015) (stating that we will regard as done that which ought to have been done and treating a filing as timely) (citing *Commonwealth v. Howard*, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995)). Upon the return of the certified record to the trial court, we direct the docket entries to be corrected to reflect that Appellant's post-sentence motion was filed on May 26, 2015.

substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Serrano**, 61 A.3d 279, 289 (Pa. Super. 2013) (citation omitted).

In addressing Appellant's weight of the evidence claims, the trial court provided the following analysis:

> Here, the jury, as the trier of fact, was "free to believe all, part or none of the evidence." *Commonwealth v. Chine*, 40 A.3d 1239, 1244 (Pa. Super. 2012) (citations omitted), *appeal denied*, 63 A.3d 773 (Pa. 2013). Simply put, we find that the evidence of [Appellant's] guilt on the charges he now challenges was neither tenuous nor vague such that that the jury's guilty verdicts shock our conscience. The direct and circumstantial evidence … reflects that [Appellant], a prisoner, initiated and continued a fist fight with Huff, a fellow inmate, then escalated that fight when, during a break in the altercation, he removed from his waistband a previously concealed pen with a white linen and cardboard handle, verbally threatened Huff's life, walked over to him, and stabbed him repeatedly in the neck and back. While the defense suggested, via cross-examination and argument, that the pen was not a deadly weapon capable of seriously injuring Huff and that [Appellant], at no point, intended to seriously injure Huff, the jury was empowered to disbelieve these suggestions and accept the Commonwealth's evidence. *See id*. at 1244. Given [Appellant's] failure to demonstrate that his guilty verdicts were against the weight of the evidence, his Motion for a New Trial on this ground will be denied.

Memorandum and Order, 8/21/15, at 16.

We agree. The Commonwealth introduced ample evidence of Appellant's culpability with regard to the challenged convictions, and the jury was free to weigh the evidence as it did. We cannot conclude that the trial court abused its discretion by denying Appellant's weight challenge, and the

- 11 -

verdict does not shock our sense of justice. **Widmer**, 744 A.2d at 751-752; **Serrano**, 61 A.3d at 289.

Next, Appellant claims the trial court erred in granting the Commonwealth's motion *in limine* to introduce evidence that Appellant was incarcerated for a homicide where he stabbed the victim. Appellant claims that this evidence was more prejudicial than probative and should not have been admitted under Pa.R.E. 404(b).

We review a trial court's decision to grant or deny a motion *in limine* under an abuse of discretion standard. **Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa. Super. 2011). Moreover, we point out that the admissibility of evidence is within the sound discretion of the trial court and will be reversed only upon an abuse of that discretion. **Id**. "Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." **Id**. (citation omitted).

Pa.R.E. 404(b) provides in relevant part as follows:

**(b) Crimes, Wrongs or Other Acts.**

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive,

- 12 -

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

As noted above, an element of assault by prisoner requires proof that the defendant was incarcerated at the time of the offense. 18 Pa.C.S. § 2703(a). Here, in the motion *in limine*, the Commonwealth asserted that Appellant was incarcerated due to charges relating to a stabbing death. Motion *in Limine*, 2/11/15, at 1. The Commonwealth claimed that Appellant's prior act of stabbing his victim was probative as to motive in the instant case. *Id*. at 2. At the time of the instant stabbing, Appellant was incarcerated awaiting trial on a murder charge. While in prison with Huff, Appellant shared the details of this earlier stabbing. One month after Appellant attacked Huff, Huff testified against Appellant at Appellant's murder trial.

As noted above, during the instant attack, Appellant told Huff he was "going to air him out." N.T., Trial, 2/18/15, at 26. Huff testified that he believed this to mean that Appellant would stab him, because Huff was aware that Appellant had stabbed someone else leading to his incarceration. *Id*. at 27. The Commonwealth's theory of the case was that Appellant was "either seeking revenge for Mr. Huff's expression of willingness to testify against Appellant or attempting to prevent Appellant from testifying."

Commonwealth's Brief at 21. Thus, we discern no abuse of discretion in the trial court's conclusion to admit the evidence of the earlier stabbing. The Commonwealth's theory was that Appellant stabbed Huff to prevent his testimony. The prior stabbing made the Commonwealth's theory more probable than it would have been without that evidence, and the probative value of this evidence outweighs the prejudice to Appellant.

Next, Appellant alleges that the trial court erred when it failed to merge the sentences for aggravated assault with a deadly weapon with assault by prisoner. We disagree.

Merger of offenses is discussed in section 9765 of the Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014).

As noted above, aggravated assault with a deadly weapon is defined as follows: "A person is guilty of aggravated assault if he … attempts to

cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]"  18 Pa.C.S. § 2702(a)(4).  The crime of assault by prisoner occurs when "a person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth …  intentionally or knowingly, commits an assault upon another with a deadly weapon[.]"  18 Pa.C.S. § 2703(a).

As can be seen in the definitions of these crimes, each contains an element the other does not.  Assault by prisoner requires a defendant to be a prisoner, but aggravated assault with a deadly weapon does not.  Moreover, aggravated assault with a deadly weapon can be established with an attempt, but assault by prisoner requires a defendant to actually commit the assault.  Accordingly, these crimes do not merge.  ***Raven***, 97 A.3d at 1249.

Next, Appellant avers that the trial court erred when it failed to impose concurrent sentences on the aggravated assault, assault by prisoner, and terroristic threats charges.  The decision to impose consecutive rather than concurrent sentences is left to the discretion of the sentencing court.  ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).  Accordingly, Appellant is challenging a discretionary aspect of his sentence.

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a

claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issues in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief.[4] Thus, we next assess whether Appellant has raised a substantial question with respect to the issues he raised.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super.

---

[4] While Appellant included a Pa.R.A.P. 2119(f) statement, Appellant's Brief at 6, the statement is deficient because it fails to articulate how his sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013). However, because the Commonwealth has not objected to this deficiency, and because appellate review is not hampered, we decline to find waiver. ***Id***.

2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912-913.

In his brief, Appellant presents a boilerplate claim that the trial court should have imposed concurrent sentences for aggravated assault, assault by prisoner, and terroristic threats. Appellant's Brief at 29.

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why a defendant should be afforded a volume discount for his crimes by having all sentences run concurrently.

*Zirkle*, 107 A.3d at 133 (quotation marks and some citations omitted).

"To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Dodge*, 77 A.3d at 1270. Herein, Appellant presents no argument or citation to relevant authority on this issue. Therefore, we conclude that he has failed to raise a substantial question.

In his final issue, Appellant raises an additional challenge to the discretionary aspects of his sentence. Appellant avers that the aggregate sentence was manifestly excessive in light of the fact that Mr. Huff's injuries were minor. Appellant's Brief at 29. He claims that while the sentences imposed were within the standard range of the Sentencing Guidelines, the application of the Guidelines in the instant case was clearly unreasonable. *Id*.

We conclude that this issue suffers from the same deficiencies as Appellant's first challenge to the discretionary aspects of his sentence; it is an undeveloped and bald challenge to the consecutive nature of his sentences. Accordingly, to the extent that Appellant purports to challenge the aggregated sentence due to the consecutive nature of the sentences imposed, he has failed to raise a substantial question. *Dodge*, 77 A.3d at 1270. The remaining argument is that the sentence was excessive when compared to the injuries Mr. Huff suffered. We construe this as a claim that the trial court failed to consider all relevant factors when it imposed its sentence.

"An allegation that the sentencing court failed to consider or did not adequately consider facts of record is effectively a request for this court to substitute its judgment for that of the lower court." *Commonwealth v.*

*Montalvo*, 641 A.2d 1176, 1186 (Pa. Super. 1994). Such a claim fails to present a substantial question.[5] *Id*.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2016

---

[5] Assuming for the sake of argument that we were to address Appellant's claim that the trial court failed to consider all relevant factors, we would conclude that the argument was meritless and that the trial court did not abuse its discretion in sentencing Appellant in the instant matter. "Where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted).